# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Paul Nickerson, Jr. | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed on or After November 1, 1987)<br><br>Case Number:    4:96-CR-169-Y (1)<br><br>Doug Greene, Defendant's Attorney |

The defendant pleaded guilty to count 1 of the one-count Indictment. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113 | Bank Robbery, a Class C Felony | October 28, 1996 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay a special assessment of $100.00 for count 1 of the one-count Indictment, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:
Defendant's U.S. Marshal No.: 04362-070
Defendant's Date of Birth:

Defendant's Mailing Address:   Federal Medical Center (Jail)
3150 Horton Road
Fort Worth, Texas 76119-5996

Defendant's Residence Address:   same

April 21, 1997
Date of Imposition of Sentence

TERRY R. MEANS
U.S. DISTRICT JUDGE

SIGNED April 21, 1997

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 22 1997
NANCY DOHERTY, CLERK
By _____ Deputy

Certified a true copy of an instrument on file in my office on 11-7-05
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

THIS DOCUMENT ENTERED
ON DOCKET ON
____ 22, 19 97
PURSUANT TO F.R.C.P
RULES 58 AND 79(a)

Defendant: Paul Nickerson, Jr.  
Case Number: 4:96-CR-169-Y (1)

Judgment -- Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 92 months on count 1 of the one-count Indictment. It is further ordered that the defendant make full restitution in the amount of $3,370.00.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on count 1 of the one-count Indictment.

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court (set forth below). In addition, the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

pay any remaining balance of restitution in the total amount of $3,370.00, as set out on page 3 of this judgment;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule;

provide the probation officer any requested financial information;

participate in a program approved by the probation office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse, and contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer, pursuant to the mandatory drug testing provision of the 1994 crime bill; and,

notify the probation officer at least 10 days prior to any change of residence (Standard Condition No. 6 will apply only to changes in employment).

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support his or her dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;

## STANDARD CONDITIONS OF SUPERVISION

( 9) not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

If, upon commencement of the term of supervised release, any part of the $3,370.00 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance to the U.S. District Clerk, 501 West 10th Street, Suite 202, Fort Worth, Texas, 76102, at the rate of at least $106.00 per month for disbursement to Bank One, Texas, 1601 Randol Mill Road, Arlington, Texas, 76102. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the restitution is paid in full.

## STATEMENT OF REASONS

The Court adopts as its findings of fact the statements and guideline applications in the presentence report, paragraphs 1 through 70, and the addendum filed on April 7, 1997, subject to and including any findings made by the Court at the defendant's sentencing hearing.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 24 |
| Criminal History Category: | V |
| Imprisonment Range: | 92 to 115 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $10,000 to $100,000 (plus cost of imprisonment/supervision) |

The sentence is within the guideline range, that range does not exceed twenty-four (24) months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.

Defendant: Paul Nickerson, Jr.  Judgment -- Page 4 of 4
Case Number:  4:96-CR-169-Y (1)

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal